UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT K. DECKER, #51719-074

    Petitioner,

v.

DANIEL SPROUL,

    Respondent.

Case No. 3:24-CV-00343-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on merit review of Decker's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Decker filed his petition on February 2, 2024, and asked that it be resolved on an expedited basis. Finding that the petition clearly lacks merit, the Court hereby **DISMISSES** his petition without prejudice.

Decker is currently incarcerated at the Federal Correctional Institution in Marion, Illinois. Decker's anticipated release date is currently June 9, 2027. Decker alleges that his sentencing judge ordered him to participate in the Residential Drug Abuse Program (RDAP),[1] a 500-hour substance abuse disorder rehabilitation program. (Doc. 1).[2] According to Decker, to enroll in RDAP for a meaningful sentence reduction, he must be admitted to the program no later than June of this year. Decker claims that he is currently in the Special Housing Unit (SHU) in the Communications Management Unit (CMU) at F.C.I. Marion. Decker believes that the conditions within the SHU/CMU, including restrictions on participating in certain programs, are punitive; this, in combination with an alleged lack of notice on when he will be released from the

---

[1] Decker has also requested to participate in the Non-Residential Drug Abuse Program (NRDAP) and other programs and his claims related to RDAP also apply to NRDAP and those other programs.
[2] Unless otherwise indicated, all document citations refer to the instant case.

SHU/CMU, "deny [him] due process." (Doc. 1). In addition to the SHU/CMU imposing several difficulties, Decker states that F.C.I. Marion does not offer RDAP. For this reason, Decker requests transfer to another prison that offers RDAP.

On October 11, 2016, Decker was indicted in the Southern District of Florida on two counts: conspiracy to distribute a controlled substance (Count 1) and conspiracy to commit money laundering (count 2). (Case No. 1:16-cr-20769-DMM, Doc. 15) (S.D. Fla. 2016). Decker pled guilty and was sentenced to serve 140 months on both counts, to run concurrently, with credit for time served, and three years of supervised release. (*Id.*, Doc. 68). At his sentencing, the Court *recommended* but did not *require* that the Bureau of Prisons place Decker in "the 500-hour drug program," (*Id.*, Doc. 75), otherwise known as RDAP.

RDAP is an intensive drug treatment program for federal inmates, who have documented substance abuse problems. See 28 C.F.R. § 550.53; U.S. DEPT. OF JUSTICE, BOP PROGRAM STATEMENT NO. 5330.11 ch. 2, p. 8 (2009). Successful completion of the program triggers eligibility for a sentence reduction of up to 12 months. 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. §§ 550.54(a)(1)(iv), 550.55(a)(2).

Habeas petitions under § 2241 operate under the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules."). Habeas Rule 1(b). Under the Habeas Rules, when a § 2241 petition has been filed and the filing fee has been paid, a court reviews the petition on the merits before allowing it to proceed. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Rule 4.

A § 2241 petition for a writ of habeas corpus is the proper vehicle for challenging the fact or duration of confinement, or for seeking an immediate or speedier release. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). "Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody." *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

In his § 2241 petition, Decker does not challenge the duration of his confinement, nor is he seeking a quantum change in his confinement. Rather, Decker argues that his confinement in the SHU/CMU is improper and that the location of his confinement at FCI Marion, conflicts with his ability to participate in RDAP. Neither of the claims that Decker raises are cognizable under a § 2241 petition. The Court cannot interpret a § 2241 petition as a civil rights action, especially when Decker has clearly invoked § 2241 in his petition. Therefore, as far as § 2241 is concerned, Decker's petition has no merit and must be dismissed.

## CONCLUSION

The Court **DISMISSES** the habeas petition. The Court **DIRECTS** the Clerk of Court to send the Civil Complaint for Civil Rights Violation or Other Civil Claims by a Person in Custody form and instructions for filling out that form to the Petitioner alongside this order.

**IT IS SO ORDERED.**
**DATED:  April 22, 2024**

                                              *s/ J. Phil Gilbert*
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**